AARON D. FORD
  Attorney General
Craig A. Newby (Bar No. 8591)
  Deputy Solicitor General
Office of the Attorney General
555 E. Washington Ave, Ste. 3900
Las Vegas, NV 89101
(702) 486-3420 (phone)
(702) 486-3773 (fax)
cnewby@ag.nv.gov

*Attorneys for Executive Defendants*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SHAWN MEEHAN, an individual, JANINE HANSEN, and individual LYNN CHAPMAN, an individual, MELISSA CLEMENT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>STEPHEN F. SISOLAK, in his official capacity as Governor of the state of Nevada, AARON DARNELL FORD, in his official capacity as the Attorney General of the State of Nevada, BRENDA ERDOES in her official capacity as Head of the Legislative Counsel Bureau, NICOLE CANNIZZARO in her official capacity as Chair of the Legislative Commission, DOES I through 100,<br><br>Defendants. | Case No.  3:21-cv-00100-MMD-WGC<br><br>**EXECUTIVE DEFENDANTS' OPPOSITION TO PRELIMINARY AND PERMANENT INJUNCTION AND DECLARATORY RELIEF, COUNTERMOTION TO DISMISS, AND JOINDER TO THE LEGISLATURE'S PENDING MOTION** |

Defendants Stephen F. Sisolak, in his official capacity as Governor of the State of Nevada; and Aaron D. Ford, in his official capacity as Attorney General of the State of Nevada (collectively the "Executive Defendants") hereby oppose Plaintiffs' Motion for Preliminary and Permanent Injunction and move to dismiss Plaintiffs' Complaint. The Executive Defendants also join the Legislative Defendants' Motion to Suspend All Briefing and to Stay All Proceedings (ECF No. 13), based on lack of service to the Legislative Defendants and the ongoing Ninth Circuit appeal.

Plaintiffs are lobbyists seeking a preliminary injunction to reopen the Legislative Building during COVID-19. The Legislature is a separate branch of Nevada state government, empowered by statute to decide whether and to whom to close the Legislative Building. The Executive Branch, notwithstanding its efforts to address the COVID-19 pandemic, did not close the Legislative Building and does not have the statutory authority to reopen it. Because the Executive Defendants lack the authority to redress Plaintiffs' demand to reopen the Legislative Building, Plaintiffs lack standing to bring this motion and complaint against the Executive Defendants.

On this basis, the motion should be denied as to the Executive Defendants and the Executive Defendants should be dismissed from this case with prejudice. The Executive Defendants join the Legislative Defendants' motion to suspend briefing and to stay all proceedings, which will allow the Legislative Defendants to be properly served and to address the substantive issues of this case on their merits.

This Opposition, Countermotion, and Joinder is made and based on the following Memorandum of Points and Authorities, the papers and pleadings on file herein, and any argument that this Court should choose to entertain on either motion.

DATED this 10th day of March, 2021.

AARON D. FORD
Attorney General

By: /s/ *Craig Newby*
    Craig Newby (Bar No. 8591)
    Deputy Solicitor General
    Office of the Attorney General
    555 E. Washington Ave, Ste. 3900
    Las Vegas, NV 89101
    (702) 486-3420 (phone)
    (702) 486-3773 (fax)
    cnewby@ag.nv.gov

*Attorneys for Executive Defendants*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Introduction and Factual Background

Plaintiffs are Nevada lobbyists who disagree with the closure of the Legislative Building[1] during the current 81st Legislative Session. Compl. at 1-4. The "Emergency" Motion[2] for Preliminary Injunction seeks to end "the arbitrary and dilatory closure of the State Capital," "allow Plaintiffs and other members of the public [to] petition their State officials in person," and mandate "that the State Capital be open to the public and Plaintiffs as required in Article 4 Section 15 of the Nevada Constitution." Mot. at 33:12-19.

This opposition and countermotion to dismiss centers on the question of <u>who closed the Legislative Building</u>. Nevada state government has <u>three separate branches</u> of government. *See* NEV. CONST., art. 3, sec. 1. By naming the Governor and the Attorney General as parties to this case, Plaintiffs ignore their own briefing as to who closed the Legislative Building and as to who has the authority to reopen it:

> The administration of the State Capital building and access thereto is the responsibility of the Legislative Counsel Bureau and/or the Legislative Commission. Access to the State Capital and denial thereof is **wholly the realm** of Legislative Counsel Bureau and/or Legislative Commission, whether it is with or without Emergency Orders and Directives.

Mot. at 14:6-10 (emphasis added).

---

[1] Plaintiffs juxtapose the "State Capital" (Carson City) and/or the "State Capital building" (where the Legislature used to meet) with the Legislative Building, which is where the Nevada Legislature currently meets and where Appellants seek to lobby members of the Legislature. The Executive Defendants will refer to the Legislative Building as the correct term for the building Plaintiffs seek to reopen.

[2] Plaintiffs' emergency motion fails to comply with Local Rule 7-4(a). To undersigned counsel's knowledge, neither of the Legislative Defendants has been served or notified of the emergency motion by Plaintiffs' counsel. *See* ECF No. 13. This Court subsequently ordered that the motion be addressed in the ordinary course. *See* ECF No. 8. Rather than address the clear error, Plaintiffs instead chose to appeal the Court's procedural management of its docket to the Ninth Circuit. *See* ECF No. 11. There, Plaintiffs did provide emergency notice to the Executive Defendants in accordance with Ninth Circuit requirements, but not the Legislative Defendants. *See* Emergency Motion for Injunction Pending Appeal (9th Cir. Mar. 3, 2021). On the basis of this lack of service and notification, the Executive Defendants join the Legislative Defendants' motion to suspend briefing and for stay, allowing for proper service and the substantive issues of this case to be addressed on the merits by the Legislative Defendants.

Nevada Revised Statute 331.135(1)(a) plainly states that "the Legislature reserves the supervision and control, both during and between legislative sessions, … of the entire Legislative Building, including its chambers, offices and other rooms, and its furnishings and equipment." Nevada Revised Statute 218F.520(1) states that the "Administrative Division [of the Legislative Counsel Bureau] shall preserve order and security on the grounds surrounding the Legislative Building and within the Legislative Building."

Under these circumstances, Plaintiffs are unlikely to succeed on the merits of their claim against the Executive Defendants, warranting denial of the Emergency Motion as to the Executive Defendants. Further, Plaintiffs' complaint should be dismissed with prejudice against the Executive Defendants for lack of standing.

## II. Legal Analysis

### A. Motion for Preliminary Injunction

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). A court may grant such relief only upon the moving party's showing of (1) likelihood of success on the merits, (2) likelihood of irreparable harm in the absence of preliminary relief, (3) the balance of equities weighs in petitioner's favor, and (4) an injunction is in the public interest. *Id.* at 20. Where, as here, the party opposing injunctive relief is a governmental entity, the balance of equities and public interest factors merge. *See Nken v. Holder*, 556 U.S. 418, 435 (2009).

Here, Plaintiffs cannot establish a likelihood of success against the Executive Defendants for claims tied to the closure of the Legislative Building, as neither the Governor nor the Attorney General closed the Legislative Building, and neither has any constitutional or statutory role regarding such a closure.

### B. Motion to Dismiss for Lack of Standing

Federal Rule of Civil Procedure 12(b)(1) allows the Executive Defendants to challenge the lack of subject matter jurisdiction by motion. Article III standing limits this Court's power to cases and controversies. *See* U.S. CONST., Art. III, § 2. Accordingly, "[t]he

party invoking federal jurisdiction, [here Plaintiffs], bears the burden of establishing [the constitutional minimum of standing]." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

As set forth below, because Plaintiffs cannot trace the harm of the Legislative Building being closed to the Executive Defendants, Plaintiffs lack standing to pursue this case against the Executive Defendants and this case should be dismissed with prejudice against them.

### C. Plaintiffs Lack Standing to Pursue this Case Against the Executive Defendants

Under the circumstances of this case, Plaintiffs do not have Article III standing to pursue these claims against the Executive Defendants. Specifically, "Article III of the Constitution limits federal-court jurisdiction to 'Cases' and 'Controversies.'" *Massachusetts v. EPA*, 549 U.S. 497, 516, 127 S.Ct. 1438, 167 L.Ed.2d 248 (2007). "To satisfy Article III's standing requirements, a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC) Inc.*, 528 U.S. 167, 180-81, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)).

Here, Plaintiffs lack injury fairly traceable to the Executive Defendants. To survive a motion to dismiss for lack of Article III standing, "plaintiffs must establish a 'line of causation' between defendants' action and their alleged harm that is more than 'attenuated.'" *Maya v. Centex Corp.*, 658 F.3d 1060, 1070 (9th Cir. 2011) (citing *Allen v. Wright*, 468 U.S. 737, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984), *abrogated on other grounds by Lexmark Intern., Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 134 S.Ct. 1377, 188 L.Ed.2d 392 (2014)). "In cases where a chain of causation 'involves numerous third parties' whose 'independent decisions' collectively have a 'significant effect' on plaintiffs'

1 injuries, the Supreme Court and [the Ninth Circuit Court of Appeals] have found the causal
2 chain too weak to support standing at the pleading stage." *Id.* (citations omitted); *see*
3 *also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103, 118 S.Ct. 1003, 140 L.Ed.2d
4 210 (1998) (explaining causation as "a fairly traceable connection between the plaintiff's
5 injury and the complained-of-conduct of the defendant").

6 Here, Plaintiffs' injury from the closure of the Legislative Building is not "fairly
7 traceable" to any action of the Executive Defendants. In fact, it is not traceable at all. As
8 conceded in the Motion and as shown by Nevada statute, neither the Governor nor the
9 Attorney General closed the Legislative Building. Mot. at 14:6-10. Unlike other cases
10 brought by Plaintiffs' counsel, there is no emergency directive issued by the Governor
11 mandating that the Legislature close (or open) the Legislative Building.[3] The Governor
12 understands the risks of COVID-19 spread in our community, resulting in difficult
13 decisions he has had to make. Here however, the difficult decisions for keeping the
14 Legislative Building open or closed lie with the Legislature, not him.

15 / / /
16 / / /
17 / / /

---

[3] Plaintiffs' counsel has filed a minimum of four other cases challenging the Governor's actions addressing COVID-19 that have been filed with this Court. *See Orion Star Events et al. v. Sisolak et al.*, Case No. 2:20-cv-00827-APG-NJK (closed Aug. 20, 2020); *Reno Academy of Combat LLC et al. v. Sisolak et al.*, Case No. 3:20-cv-00305-MMD-WGC (closed Sept. 2, 2020); *Hetly et al. v. Sisolak, et al.*, Case No. 2:21-cv-00052-RFB-EJY (closed Feb. 24, 2021); *Calvary Chapel Lone Mountain v. Sisolak et al.*, Case No. 2:20-cv-00907-RFB-VCF (case ongoing following remand from Ninth Circuit).

## III. Conclusion

Accordingly, this Court should deny Plaintiffs' emergency motion for preliminary injunction as to the Executive Defendants and dismiss the Executive Defendants from this case for a lack of standing, based on the lack of "fairly traceable" injury.

DATED this 10th day of March, 2021.

>AARON D. FORD
>Attorney General
>
>By: */s/ Craig A. Newby*
>    Craig A. Newby (Bar No. 8591)
>    Deputy Solicitor General
>    Office of the Attorney General
>    555 E. Washington Ave, Ste. 3900
>    Las Vegas, NV 89101
>    (702) 486-3420 (phone)
>    (702) 486-3773 (fax)
>    cnewby@ag.nv.gov
>
>*Attorneys for Executive Defendants*

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the State of Nevada, Office of the Attorney General, and that on this 10th day of March, 2021, I electronically filed the foregoing document, **EXECUTIVE DEFENDANTS' OPPOSITION TO PRELIMINARY AND PERMANENT INJUNCTION AND DECLARATORY RELIEF, COUNTERMOTION TO DISMISS, AND JOINDER TO THE LEGISLATURE'S PENDING MOTION** with the Clerk of the Court by using the CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

/s/ *R. Carreau*
R. Carreau, an employee of the
Office of the Nevada Attorney General