SIGAL CHATTAH, ESQ.
Nevada Bar No.: 8264
CHATTAH LAW GROUP
5875 S. Rainbow Blvd #203
Las Vegas, Nevada 89118
Tel: (702) 360-6200
Fax: (702) 643-6292
Chattahlaw@gmail.com
*Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SHAWN MEEHAN, an individual, JANINE HANSEN, and individual, LYNN CHAPMAN, an individual, MELISSA CLEMENT, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> STEPHEN F. SISOLAK, in his official capacity as Governor of the State of Nevada, AARON DARNELL FORD, in his official capacity as the Attorney General of the State of Nevada, BRENDA ERDOES, in her official capacity as Head of Legislative Counsel Bureau, NICOLE CANNIZZARO, in her official capacity as Chair of the Legislative Commission, DOES 1 through 100. <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) **Case No: 3:21-cv-00100-MDD-WGC** <br> ) <br> ) <br> ) <br> ) <br> ) **PLAINTIFFS'** <br> ) **MOTION TO EXTEND** <br> ) **BRIEFING SCHEDULE** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## <u>DECLARATION OF SIGAL CHATTAH, ESQ. PURSUANT TO LR 7-2</u>

I, SIGAL CHATTAH, declare as follows:

1.    I am a licensed attorney in the State of Nevada since 2002 and a member of good standing with the State Bar of Nevada.

2.    I am Plaintiffs' Counsel in the matter *sub judice* and admitted to practice in all Courts of the State of Nevada including the United States District Court.

3.    The facts set forth herein are true of my own personal knowledge, and if called upon to testify thereto, I would and could competently do so under oath.

4.    The matter *sub judice* involves the arbitrary and delayed reopening of the Legislative building to allow Plaintiffs' access to same to engage in their constitutional rights to lobby the legislative officials, staff and others.

5.    On February 1, 2021, the 81st Legislative Session began in Carson City, Nevada and Plaintiffs are precluded from entering the building in violation of their United States and State of Nevada constitutional rights.

6.    The 81st Legislative Session is halfway through with the Legislative building still remaining closed to Plaintiffs.

7.    Movants herein are four individuals, on behalf of themselves, seek entry to the Legislative Building to engage in lobbying activities.

8.    On February 17, 2021, the Complaint *sub judice* was filed along with Summons for Issuance returned issued followed by an Emergency Motion for Preliminary Injunction on February 24, 2021.

9.    On February 25, 2021, all documents were to be served on all Defendants named in the Complaint. Due to unintentional oversight and excusable neglect

only the Executive Defendants were served on February 25, 2021, with the remaining Legislative Defendants not served on said day.

10.     Upon realization that only 2 of the 4 Defendants were served, Service of the Summons, Complaint and Motion for Preliminary Injunction was effectuated on March 16, 2021.

11.     On March 23, 2021, Plaintiffs voluntarily dismissed the Executive Defendants from this action following a finding that Defendant Erdoes is wholly in charge of opening the Legislature, and all Executive Emergency Directives barring public gatherings in public buildings have been suspended and/or repealed. As of this date, no appearance has been made on behalf of the Legislative Defendants.

12.     Therefore, Plaintiffs hereby request this Court grant an extended Briefing Period to allow Legislative Defendants file a Response to the Motion for Preliminary Injunction to allow the matter's adjudication on the merits

13.     There will be no prejudicial effect on Defendants by this Court's grant of same. Plaintiffs fulfill all the good cause and excusable neglect in accordance with *Kyle v. Campbell Soup Co., 28 F.3d 928,931 (1994),* as delineated *infra.*

14.     These are the facts as I know them to be true.

15.     Under NRS 53.045, I declare under penalty of perjury that the foregoing is true and correct.

Dated this 29th day of March, 2021

_/s/_  _Sigal Chattah_
Declarant
SIGAL CHATTAH, ESQ.

3

## MEMORANDUM OF POINTS AND AUTHORITIES

## MOTION FOR EXTENSION OF TIME

COME NOW, PLAINTIFFS, SHAWN MEEHAN *Et Al*, by and through the undersigned attorney of record, SIGAL CHATTAH, ESQ., of the CHATTAH LAW GROUP, and pursuant to LR 7-2 and FRCP 6(B) file this Motion for Extension of Time.

## INTRODUCTION

The Petition section of the First Amendment, also commonly referred to as the Petition Clause, states that "People have the right to appeal to government in favor of or against policies that affect them or in which they feel strongly.  This freedom includes the right to gather signatures in support of a cause and to lobby legislative bodies for or against legislation," *(Copley, First Amendment Center).*

A more simple definition of the right to petition, is "the right to present requests to the government without punishment or reprisal.  This right is guaranteed in the First Amendment to the U.S. Constitution" *(History Central, 1).*

Looking at the specific definition of the word *petition*, as it relates to the freedom of petition and the First Amendment, the word can be used to describe "any nonviolent, legal means of encouraging or disapproving government action, whether directed to the judicial, executive or legislative branch.  Lobbying, letter-writing, e-mail campaigns, testifying before tribunals, filing lawsuits, supporting referenda, collecting signatures for ballot initiatives, peaceful protests and picketing: all public articulation of issues, complaints and interests designed to spur government action qualifies under the petition clause…" *(Copley First Amendment Center).*

The activity of lobbying has been interpreted by court rulings as constitutionally protected free speech and a way to petition the government for the redress of grievances, two of the freedoms protected by the First Amendment of the Constitution. *United States v. Harriss, 347 U.S. 612 (1954), United Mine Workers of America, District 12 v. Illinois State Bar Association Et Al., 389 U.S. 217 (1967),  Railroad Trainmen v. Virginia Bar, 377 U. S. 1 (1964*), and *NAACP v. Button, 371 U. S. 415 (1963).*

*I*n *United Mine Workers of America v. Illinois State Bar Association* (1967), the Supreme Court exalted the right as "among the most precious liberties safeguarded by the Bill of Rights" and implicit in "the very idea of government." The Court had earlier affirmed the right to engage in such activity; it thus deemed it a fundamental liberty, protected against encroachment by federal, state and local governments. Hence, in *NAACP v. Button* (1963), it formed the conceptual basis for the Court's ruling that a civil rights group could not be barred from soliciting people to serve as litigants in civil rights cases. The Court declared: "Litigation may well be the sole practical avenue open to a minority to petition for a redress of grievances." *Id.*

## PROCEDURAL POSTURE

On February 17, 2021, the Complaint *sub judice* [ECF 1] was filed along with Summons for Issuance [ECF 4] returned issued [ECF 5] followed by an Emergency Motion for Preliminary Injunction on February 24, 2021 [ECF 6].

On February 25, 2021, all documents were to be served on all Defendants named in the Complaint. Due to unintentional oversight and human error only the Executive Defendants were served on February 25, 2021, with the remaining Legislative Defendants not served on said day.

Upon realization that only 2 of the 4 Defendants were served, Service of the Summons, Complaint and Motion for Preliminary Injunction was effectuated on March 16, 2021.

On March 23, 2021, Plaintiffs voluntarily dismissed the Executive Defendants from this action  [ECF 21] following a finding that Defendant Erdoes is wholly in charge of opening the Legislature, and all Executive Directives barring public gatherings in public buildings have been suspended and/or repealed. As of this date, no appearance has been made on behalf of the Legislative Defendants.

Accordingly, the Legislative Defendants did not receive the Motion to respond to by the response time due. This Motion to Extend Time for Briefing is submitted thereon.

## **LEGAL AUTHORITY**

Fed R. Civ. Pr. 6(b) entitled EXTENDING TIME PROVIDES:

(1) *In General.* When an act may or must be done within a specified time, the court may, for good cause, extend the time:

(A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or

(B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Good cause exists to extend the briefing deadline as Defendants Cannizzaro and Erdoes were served with the Complaint and the Motion for Preliminary Injunction on March 16, 2021, after the time to file a Response had expired and a briefing schedule must be set accordingly to allow the determination of the Motion in ordinary course.

Plaintiffs specifically bring this Motion to the attention of the Court under FRCP 6(b) so that the appropriate remedial measures will be taken to allow a full briefing by all Parties to this action on the Motion for Preliminary Injunction.

As stated in Counsel's Declaration and reiterated *infra,* an inadvertent mistake during the service of process of all Defendants resulted in the Service of only Executive Defendants on February 25, 2021 and not all Defendants, including Legislative Defendants on same day.

Excusable neglect is shown when the appellant has done "all he could do under the circumstances" to perfect an appeal within the time prescribed by the rules. *United States v. Avendano-Camacho, 786 F.2d 1392,1394 (9th Cir. 1986).*  In evaluating whether a district court finding excusable neglect under Rule 4(b) abused its discretion, it is proper to consider "the criminal defendant's special interest in his appeal and the shorter initial period for appeal." *Id.* This does not mean that the district court is required to find excusable neglect more readily, merely that when it does find excusable neglect, greater deference is due its decision. *Id. Pratt v. McCarthy*, *878 F.2d 331,332 (1989).*

Factors which are relevant to the evaluation of whether excusable neglect has occurred:

1) whether the inadvertence reflected professional incompetence such as ignorance of rules of procedure,

2) whether an asserted inadvertence reflects an easily manufactured excuse incapable of verification by the court,

3) counsel's failure to provide for a readily foreseeable consequence,

4) a complete lack of diligence . . .

5) whether the inadvertence resulted despite counsel's substantial good faith efforts towards compliance. . . .

[or 6]] whether the enlargement of time will prejudice the opposing party.

> *Kyle v. Campbell Soup Co., 28 F.3d 928,931 (1994).*

Here, Plaintiffs followed the Rules of Civil Procedure, effectuated service of process on Defendants within 24 hours of the filing of the Motion for Preliminary Injunction (February 25, 2021), and reasonably relied on process servers to serve all four Defendants at the same time.

Immediately upon notice that not all Defendants had been served, Plaintiffs effectuated service of process on the Legislative Defendants on March 16, 2021. Therefore taking in to consideration the *Kyle* factors, it is clear that the 1) the inadvertence did not reflect professional incompetence such as ignorance of rules of procedure, but a mistaken service of process by a third party process server of all Defendants; 2) counsel's reliance on a third party to effectuate a service of process; 3) upon realization of the error, Counsel diligently instructed immediate service of process and effectuated same; 4) the inadvertence resulted despite counsel's substantial good faith efforts towards compliance and 5) the enlargement of time will not prejudice the opposing party; on the contrary it will provide this Court with a responsive pleading for which to rule on same on the merits.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs request that the Court grant the foregoing Motion to Extend Briefing Schedule. in the interest of fair play and substantial justice.

Dated this 29th day of March, 2020.

CHATTAH LAW GROUP

*/s/ Sigal Chattah*
SIGAL CHATTAH, ESQ.
Nevada Bar No.: 8264
CHATTAH LAW GROUP
5875 S. Rainbow Bl., Ste. 204
Las Vegas, Nevada 89118
Tel: (702) 360-6200
*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day March, 2021, I served a copy of the foregoing

MOTION FOR EXTENSION OF TIME to all registered parties via E-service on the CM/ECF

registry.

_____/s/ Sigal Chattah___
CHATTAH LAW GROUP