SIGAL CHATTAH, ESQ.
Nevada Bar No.: 8264
CHATTAH LAW GROUP
5875 S. Rainbow Blvd #203
Las Vegas, Nevada 89118
Tel: (702) 360-6200
Fax: (702) 643-6292
Chattahlaw@gmail.com
*Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SHAWN MEEHAN, an individual, JANINE HANSEN, and individual, LYNN CHAPMAN, an individual, MELISSA CLEMENT, an individual,<br><br>　　　　　　Plaintiffs,<br><br>　vs.<br><br>STEPHEN F. SISOLAK, in his official capacity as Governor of the State of Nevada, AARON DARNELL FORD, in his official capacity as the Attorney General of the State of Nevada, BRENDA ERDOES, in her official capacity as Head of Legislative Counsel Bureau, NICOLE CANNIZZARO, in her official capacity as Chair of the Legislative Commission, DOES 1 through 100.<br><br>　　　　　　Defendants. | **Case No: 3:21cv 00100 MMD-WGC**<br><br>**REPLY** |

### PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO EMERGENCY MOTION FOR PRELIMINARY INJUNCTION

COME NOW, PLAINTIFFS, SHAWN MEEHAN *Et Al*, by and through the undersigned attorney of record, SIGAL CHATTAH, ESQ., of the CHATTAH LAW GROUP, and hereby submit to this Court, Plaintiffs' Reply to Defendants' Response to Plaintiffs' Motion for a Preliminary Injunction against Defendants, to enjoin them from dilatory and

arbitrary closure of the State Legislative Building, precluding Plaintiffs (and others) from engaging in constitutional lobbying efforts.

The purpose of the Motion filed on February 24, 2021, was made on an emergency basis, given the fact that three weeks had passed since the 81st Legislative Session commenced on February 1, 2021, and the State Legislature was closed to the public, citing to the Governor's Emergency Orders on March 12, 2020, over one year ago.

At the time the Motion for Preliminary Injunction was filed, it was clear that there was no longer an Emergency, but an obvious abuse of arbitrary and capricious power to deny access to the public of the Legislative Process, denying Plaintiffs' constitutional rights.

At this juncture, on April 15, 2021, Defendants announced the reopening of the Legislative building, 75 days into a 120-day Legislative Session, rendering the Emergency Motion and the purpose of Plaintiffs' requests therein moot, allowing this Court to vacate the hearing scheduled for same.

**A.  PLAINTIFFS CONCEDE THAT THE IMMEDIATE RELIEF REQUESTED TO REOPEN THE LEGISLATIVE BUILDING IS MOOT SINCE THE BUILDING HAS REOPENED**

Plaintiffs' Motion for Preliminary Injunction is the only matter under review by this Court at this juncture. The reopening of the Legislative Building by Defendants on April 15, 2021 renders the Motion and the related relief to the issuance of an Order of 1) enjoining Defendants of dilatory and arbitrary closure of the Legislative Building; 2) mandating that Defendants immediately allow Plaintiffs and other members of the public petition their State officials in person; 3) compliance must adhere to the social distancing requirements mandated by the Nevada COVID-19 playbook, completely moot.

**B.   PLAINTIFFS ARE STILL ENTITLED TO DECLARATORY RELIEF WHICH IS NOT THE SUBJECT OF THE MOTION FOR PRELIMINARY INJUNCTION OR REVIEWABLE UNDER SAME**

On April 26, 2021, Defendants filed their Answer to Plaintiffs' Complaint. Specifically, to the allegations alleged in Plaintiffs' Sixth Claim for Relief for Declaratory Action, Defendants responded the following:

*VI.*
*SIXTH CLAIM FOR RELIEF DECLARATORY ACTION (Against All Defendants)*
*¶¶ 111-117.*
*Legislative Defendants deny the allegations in paragraphs 111-117 of the Complaint, including, without limitation, all legal conclusions cast in the form of factual allegations.*
*See [ECF 31] p5/8 lns 15-20.*

Any discussions regarding immunity and declaratory relief are wholly inappropriate at this juncture and are not the subject of Plaintiffs' Motion for Preliminary Injunction, rendered moot at this time. Therefore, any matters regarding immunity and declaratory relief must be addressed by this Court when and if presented exclusively on its merits through a separate Motion for relief of same.

Further, attempting to inject discussions regarding Declaratory Relief and Defendants' immunity into Plaintiffs' mooted Request for Preliminary Injunction are inappropriate and outside this Court's purview of the requested relief made by Plaintiffs and must be addressed in a separate pleading.

Accordingly, Plaintiffs are entitled to engage in discovery on all allegations and representations made by Defendants in their Response to Plaintiffs' Motion for Preliminary Injunction.

## CONCLUSION

In light of Defendants' actions on April 15, 2021, reopening the building, 75 days into the 81st Legislative Session, the Legislative Building is now open to the public and Plaintiffs with precautionary measures in place rendering the Motion for Preliminary Injunction moot.

Therefore, this Court may vacate the hearing dated May 10th, 2021 and allow Plaintiffs to proceed with discovery in the ordinary course, in the interest of fair play and substantial justice on the merits of this matter.

DATED this __3rd__ day of May, 2021.

**CHATTAH LAW GROUP**

*/s/ Sigal Chattah*
SIGAL CHATTAH, ESQ.
CHATTAH LAW GROUP
5875 S. Rainbow Blvd. #203
Las Vegas, Nevada 89118
Tel.:(702) 360-6200
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on May 3rd, 2021, the foregoing Reply to Defendants' Response to Plaintiff's Emergency Motion for Preliminary Injunction was filed electronically with the Clerk of the Court for the United States District Court through the Court's CM/ECF system. I certify that all participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

*/s/ Sigal Chattah*
Sigal Chattah, Esq.